UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>Plaintiff<br><br>v.<br><br>FRENANDEIS A. FRAZIER, et al.,<br><br>Defendants | Case No.: 3:23-cv-00251-MMD-CSD<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 35 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is a motion for summary judgment filed by the defendants in this action. (ECF Nos. 35, 37.) Plaintiff filed an opposition. (ECF No. 41.) Defendants have replied. (ECF No. 42.)

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). He filed a *pro se* civil rights complaint, which the court screened and allowed to proceed on a claim of Eighth Amendment deliberate indifference and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a). (ECF No. 4.)

The complaint alleges as follows: For at least nine months between January 1, 2020, and November 30, 2022, Defendants denied Plaintiff the opportunity for vigorous outdoor recreation due to the conditions in the administrative segregation recreation yard. (ECF No. 5 at 5.)  The

yard had no restrooms, and Plaintiff was not allowed to use the restroom. (*Id.*) Plaintiff was left outside so long that he became weak, exhausted, dizzy, and unable to stand. (*Id.* at 6.) Due to the lack of restrooms, the yard was almost always contaminated with urine, leaving Plaintiff nowhere to exercise. (*Id.* at 6.) The drinking containers in the yard were never cleaned and therefore were contaminated with mold and mildew; Plaintiff was forced to drink the moldy water because he was left outside for so long. (*Id.* at 6.) Plaintiff, who has end-stage renal disease and is hemo-dialysis dependent via perma-catheter, was not allowed to bring his walker into the yard. (*Id.* at 5-6.) Plaintiff was forced to stand in the yard painfully for six hours, and he frequently passed out due to the conditions in the cage. (*Id.* at 6.) The defendants refused to provide Plaintiff reasonable accommodations for outdoor exercise by refusing to provide clean drinking water, access to restroom facilities, and ADA-compliant recreation cages. (*Id.* at 7.)

Defendants have moved for summary judgment, arguing, among other things, that Plaintiff failed to exhaust his administrative remedies. After a thorough review, it is recommended that Defendants' motion be granted.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the

other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

3

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Preliminary Matters**

As a preliminary matter, Defendants argue Plaintiff's opposition was untimely filed and exceeds the 30-page limit set by LR 7-3(a). The court is not persuaded that the opposition should be stricken on either ground, as it is clear from the record that summary judgment should be granted, even after considering Plaintiff's lengthy and untimely opposition.

Defendants also object to the authenticity of Plaintiff's exhibits, including several declarations filed without a signature. The court need not reach this issue, because even assuming the authenticity of Plaintiff's exhibits, summary judgment should be granted. However,

Plaintiff's "exhibits" are replete with additional argument, and that additional argument the court does not consider.

**B. Exhaustion**

    **1. Standard**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement thus applies to all of Plaintiff's claims in this case. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061–62 (9th Cir. 2007) (. An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*. at 1168, 1170-71 (citations omitted).

Once a defendant shows the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778

n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process). The ultimate burden of proof, however, remains with the defendant. *Id*.

Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford,* 548 U.S. at 90). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. at 218.

An inmate need only exhaust "available" administrative remedies. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. (quoting *Booth*, 532 U.S. at 738).

**2. NDOC's Exhaustion Procedure**

To exhaust administrative remedies within NDOC, inmates must utilize the inmate grievance process which is set forth in NDOC's Administrative Regulation (AR) 740. The inmate must proceed through three levels for a grievance to be considered exhausted—informal,

first, and second levels. (ECF Nos. 35-3 (AR 740 effective Apr. 22, 2022), 35-4 (AR 740 effective Apr. 28, 2022), 45-3 (AR 740 effective Nov. 20, 2018).)

Defendants argue that only one of the many grievances Plaintiff has filed could have potentially exhausted the claims in this case: Grievance No. 2006-31-31996. (ECF No. 35-5 at 139-40; ECF No. 45-1.) In Grievance No. 2006-31-31996, Plaintiff asserted that the recreation yards were not ADA-compliant due to the lack of restrooms and absence of staff to notify of medical emergencies. (ECF No. 45-1 at 3.) After receiving a response at the informal level, Plaintiff appealed to the first level. (*Id.* at 2, 5.) Plaintiff's initial first-level grievance was not accepted, so Plaintiff filed a second first-level grievance. (*Id.* at 4, 7.) Plaintiff's second first-level grievance was denied. (*Id.* at 6.) No appeal of Grievance No. 2006-31-31996 to the second level appears on the record. (*See* ECF No. 35-5 at 139-40; ECF No. 45-1.)

In opposition, Plaintiff asserts many alleged irregularities with the grievance process at NDOC, but none of his arguments pertains specifically to Grievance 2006-31-31996 or explains why he could not exhaust it. While he claims the law library often provided only outdated copies of AR 740 -- creating a trap for the unwary as he could not know what the current rules were -- Plaintiff does not explain how, *in this case*, that impacted his ability to exhaust. Accordingly, the record clearly demonstrates that Plaintiff did not exhaust Grievance No. 2006-31-31996, and Plaintiff fails to explain how the grievance process was effectively unavailable for him to do so. Grievance No. 2006-31-31996 thus did not serve to exhaust the claims in this action.

Plaintiff's opposition and attached summary of exhibits point to numerous other grievances Plaintiff has filed over time, but only one arguably relates to the claims in this case: Grievance No. 2006-31-43640. In that grievance, Plaintiff complained that a prison doctor and nurse (neither of whom are defendants in this case) violated his Eighth Amendment rights by

giving him a medical order for a walker that was for only going to and from dialysis, and refusing to order him a walker that could be used in the yard. (ECF No. 45-6 at 14-17.) As a result, the grievance further stated, Plaintiff had to stand in the yard for six hours at a time in great pain. (*Id.* at 16.)

A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *see also Fordley v. Lizarraga*, 18 F.4th 344, 358 (9th Cir. 2021) (claims against warden were not exhausted where none of the plaintiff's "administrative filings named the warden, nor did they describe the warden taking, or failing to take, actions that deprived [plaintiff] of any federally guaranteed right.").

Plaintiff's opposition spends a great deal of time arguing about the walker, and where he was allowed to use it. However, such allegations about his walker are not the basis for the complaint in this case. The complaint here relates to the conditions and lack of accommodations in the recreation yard, including Plaintiff's inability to use a walker therein. But Grievance No. 2006-31-43640 does not allege that any prison policy or any actions or omissions by the named defendants precluded his use of the walker in the yard. Rather, it alleges that Plaintiff could not bring a walker in the yard because medical staff would not let him have a walker that could be used in the yard. Nothing in Grievance No. 2006-31-43640 would have put the prison on notice that Plaintiff was complaining of the conditions in the yard or of failures of the named defendants that led to a violation of his rights. Because Plaintiff's claims in this case relate to the conditions in the yard, the court concludes that Grievance No 2006-31-43640 did not exhaust the claims in this case.

No other exhausted grievance in the 153-page grievance log appears to relate to the claims in this case. (*See* ECF No. 35-5.) Plaintiff has identified no other relevant grievance. Accordingly, as Defendants have presented evidence demonstrating that Plaintiff did not exhaust his claims in this action, summary judgment should be granted for failure to exhaust.

## V. CONCLUSION

IT IS HEREBY RECOMMENDED that the District Judge enter an order GRANTING the motion for summary judgment filed by Defendants (ECF No. 35).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 21, 2025

_____
Craig S. Denney
United States Magistrate Judge