1
2
3                       UNITED STATES DISTRICT COURT
4                            DISTRICT OF NEVADA
5                                   * * *
6   JAMES EDWARD SCOTT, III,              Case No.: 3:23-cv-00251-MMD-CSD
7                           Plaintiff,            ORDER
8          v.
    FRENANDEIS A. FRAZIER, *et al.*,
9
                            Defendants.
10

11          *Pro se* Plaintiff James Edward Scott, III, who is currently incarcerated in the

12   custody of the Nevada Department of Corrections at Northern Nevada Correctional

13   Center ("NNCC"), filed a civil rights complaint under 42 U.S.C. § 1983 against prison

14   officials for a lack of accommodations in the recreation yard while he was incarcerated at

15   NNCC. (ECF Nos. 1, 1-1.) The Court allowed him to proceed on an Eighth Amendment

16   deliberate indifference to serious medical needs claim against Frenandeis Frazier,

17   William Miller, Perry Russell, K.G. Olsen, Robert Hartman, John W. Henley, and Richard

18   Ashcraft. (ECF No. 4.) The Court also allowed Scott to proceed with a claim as to disability

19   discrimination in prison exercise facilities under the Americans with Disabilities Act

20   ("ADA") (42 U.S.C. § 12132) and the Rehabilitation Act ("RA") (29 U.S.C. § 794(a)). (*Id.*)

21   Defendants subsequently filed a motion for summary judgment ("Motion") asserting that

22   Scott failed to exhaust his administrative remedies.[1] (ECF Nos. 35, 37.) Before the Court

23   is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S.

24   Denney (ECF No. 46), recommending the Court grant the Motion. (ECF No. 46 at 2.) To

25   date, no objections to the R&R have been filed. Because there is no objection, and, as

26   further explained below, the Court will adopt the R&R.

27   _____

28          [1]Plaintiff filed a response (ECF No. 41), and Defendants replied (ECF No. 42).

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends the Court grant the Motion because Scott failed to both properly exhaust any grievance related to the claims at issue in this case as well as show that the grievance process was unavailable to him, as required under the Prison Litigation Reform Act ("PLRA")[2]. (ECF No. 46 at 5-9.) While Scott filed multiple grievances, Judge Denney points out that the two most closely related to conditions in the recreation yard—Grievance Nos. 2006-31-31996[3] and 2006-31-43640[4]—were, respectively, not fully pursued through all required administrative levels and failed to put the prison on adequate notice of any prison policy or actions or omissions by the named defendants that prevented him from using his walker in the yard. (*Id.* at 7-8.) Having reviewed the R&R, Judge Denney did not clearly err.

///

///

///

///

///

---

[2]Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[3]Scott claimed that the recreation yards were not ADA-compliant due to the lack of restrooms and absence of staff to notify of medical emergencies. (ECF No. 46 at 7; ECF No. 45-1 at 3.)

[4]Scott claimed that a prison doctor and nurse (here, unnamed defendants) violated his Eighth Amendment rights by restricting his walker use to dialysis trips only and denying him a medical order for a walker for use in the recreation yard. (ECF No. 46 at 7-8; ECF No. 45-6 at 14-17.)

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 46) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 35) is granted based on Plaintiff's failure to exhaust his administrative remedies.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 8th Day of August 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE